KEYSTONE MERCANTILE CORPORA-
TION, Plaintiff,

v.

Francis P. GRAHAM, District Director of Internal Revenue, Scranton, Pa., Defendant.

Civ. A. No. 5296.

United States District Court
M. D. Pennsylvania.

Jan. 17, 1961.

The parties filed certain stipulations which in pertinent part may be briefly summarized as follows:

Taxpayer Jersey Shore Manufacturing Corporation (hereinafter called "Jersey Shore") entered into various conditional sales contracts for the purchase of certain machinery and equipment as follows, to wit:

(1) On November 5, 1952 with Ginsberg Machine Co., Inc.

(2) On March 26, 1953 with Hutkin Company.

(3) On February 4, 1954 with Hutkin Company.

(4) On December 14, 1953 with Singer Sewing Machine Co.

These conditional sales contracts all were duly filed of record in the Office of the Prothonotary of Lycoming County, Pennsylvania.

Being unable to meet its commitments under the four conditional sales contracts, Jersey Shore arranged with plaintiff, Keystone, for financing the same, whereby Keystone did on and after July 1954 advance sufficient funds for the payment in full of the several debts. Under date of December 14, 1954, Jersey Shore assigned all of its right, title and interest in the several conditional sales contracts to Keystone, but up to and including April 15, 1955 none of the said assignments had been recorded.

Prior to July 12, 1954 (the time at which plaintiff contends it advanced funds to Jersey Shore to be applied against Jersey Shore's indebtedness arising from its defaults on the various conditional sales contracts), the Commissioner of Internal Revenue made various assessments against the conditional vendee-taxpayer (Jersey Shore) for which notices of Federal tax liens in the amount of $93,265.71 were duly filed in the Office of the Prothonotary, Lycoming County, Pennsylvania, in accordance with 26 U.S. C. § 6323(a) (1).[1]   An additional notice

Nogi, O'Malley & Harris, Scranton, Pa., for plaintiff.

Daniel H. Jenkins, U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for defendant.

FOLLMER, District Judge.

In this action plaintiff Keystone Mercantile Corporation (hereinafter called "Keystone"), seeks to recover from the District Director of Internal Revenue (hereinafter called "Director"), the sum of $4,050.29 presently held in a suspension account pending an adjudication of the rights of the respective parties to the said fund.

[1]. Dates of filing notices and amounts as follows:

| | |
|---|---|
| April 21, 1953 | $14,308.73 |
| April 21, 1953 | 19,608.99 |
| October 29, 1953 | 25,422.21 |
| May 17, 1954 | 1,348.15 |
| June 28, 1954 | 30,871.72 |
| May 17, 1954 | 1,705.91 |
| Total | $93,265.71 |

of Federal tax lien in the amount of $11,223.35 was duly filed in the Office of the said Prothonotary on October 20, 1954.

As above indicated, the assignments of the several conditional sales contracts were not made by taxpayer to plaintiff at the time plaintiff advanced funds to the conditional vendee-taxpayer as alleged.

The pertinent Federal statutes are as follows:

26 U.S.C. (1946 Edition)

"§ 3670.  Property subject to lien.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

"§ 3671.  Period of lien.

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."[2]

When the notices of the six Federal tax liens were duly filed of record in the Office of the Prothonotary of Lycoming County, six separate tax liens attached and they all attached a matter of months prior to the time the advances were allegedly made by plaintiff and prior to the date on which an assignment of taxpayer's right, title and interest in and to the conditional sales contracts were executed. Furthermore, as previously indicated, up to and including April 15, 1955, the assignments of the conditional sales contracts were not recorded.

Certainly, plaintiff has no basis for claiming an interest in the property covered by the conditional sales contracts before the date of the assignments. All of the asserted Federal tax liens had arisen and had been duly filed of record before plaintiff took an assignment of taxpayer's interest in the said conditional sales contracts. There can be no question but the lien of the Government attached according to law. "After the lien provided by the statute attaches, the property has in a sense two owners, the taxpayer and, to the extent of the lien, the United States." United States v. City of Greenville et al., 4 Cir., 1941, 118 F.2d 963, 965. In United States v. Bess, 1958, 357 U.S. 51, 57, 78 S.Ct. 1054, 1058, 2 L.Ed.2d 1135, the Court said: "The transfer of property subsequent to the attachment of the lien does not affect the lien, for 'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere * * *.'"

Judgment will be entered in favor of the defendant.

2. Similar provisions are found in the 1954 Internal Revenue Code, 26 U.S.C.A. §§ 6321 and 6322.